# THE DUPONT LAW FIRM, LLP

ATTORNEYS AND COUNSELLORS AT LAW



BARBARA J. DUPONT

RALPH P. DUPONT

May 1, 2014

**By E-Mail**
**(ForrestNYSDChambers@nysd.uscourts.gov)**
Honorable Katherine B. Forrest
United States District Judge
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street, Room 730
New York, New York 10007

Re: *In re 650 Fifth Avenue and Related Properties*, 08 Civ. 10934 (KBF);
*Hegna v. Islamic Republic of Iran*, et al 11 Civ. 03761(KBF)
(formerly 18 MS 0302 (Judgment No. 02-2472 (Mar. 27, 2009)).

Dear Judge Forrest:

We write as counsel for the Hegna family in response to last night's surprising revelation of what is obviously a long planned effort to derail this Court's carefully crafted, and strictly followed case management plan. The Government and the Defendant-Claimants, joined by the customary lead counsel for all other judgment creditors seek to prevent the Hegna-Claimants from obtaining a final judgment on their innocent owner defenses to forfeiture of their liens.

Additionally, the remaining parties to the forfeiture action would block entry of final judgment on the Hegnas' five (5) year old show cause order (11 Civ. 0376(KBF)) just at the time when it is ready for decision resolving routine lien priorities among all judgment creditors, who are now permitted to enforce their liens against Iranian assets titled in the names of one or more of the Defendant- Claimants who are included among the respondents in the Show Cause Order ("SCO"). (The United States, all other judgment creditors on notice and Iran and Bank Melli are also Respondents within the SCO proceeding.

Lastly, the movants would block this Court from deciding the Hegnas' FSIA § 1610 and 1610 Note claim that enforcement of terrorist judgment liens against sovereign assets of Iran trumps the Government's forfeiture claims to same assets (sometimes called "TRIA trumps forfeiture").

Vectoring the forfeiture action to the United States Court of Appeals before this Court has concluded its work within the forfeiture action, by deciding the Hegnas' innocent owner defenses is a waste of precious judicial resources. Two trips to the Court of Appeals and the United States Supreme Court is propoed where, as this Court has wisely provided, only one will be needed. The Court of Appeals should not be forced to handle piecemeal appeals simply because that approach is perceived by some Respondents to the SCO and by Defendant-Claimants in the forfeiture action to benefit them in some way.

Those who have filed no innocent owner defenses and failed to show cause why the Hegnas' liens should not be enforced are virtually seeking advisory opinions on forfeiture issues that the Second Circuit and/or the United States Supreme Court might never reach were this Court to find that the forfeiture action is trumped by lien enforcement and/or that the Hegnas' innocent owner defense of its judgment lien is valid. Cf., e.g., *Weinstein v. Islamic Republic of Iran*, 609 F.3d. 43, 53-54 (2d Cir. 2010); *United States v. Holyland Foundation,* 772 F.3d 677, 687-689 (5th Cir. 2013) (holding, respectively, that a treaty is trumped by a FSIA lien enforcement and, in *dicta,* that a true clash between two in rem proceedings against the same assets should be resolved in favor of the terrorist judgment lienholder, because TRIA would trump forfeiture). Cf also *United States v. Capoccia*, 503 F.3d 103, 108-112 (2d Cir. 2007) (upholding similar innocent owner defense on a similar forfeiture complaint).

In any case, the Hegnas respectfully request that the Court deny last night's Rule 54(a) letter motion or allow the Hegnas to fully brief their response to that motion before proceeding further.

We have the honor to remain,

The Dupont Law Firm, LLP.

By /s/ Ralph P. Dupont
Ralph P. Dupont, Esq.